IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NOAH MULLEN, #Y49919, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TREVOR EASTON, )<br>)<br>Defendant. ) | Case No. 22-cv-01220-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Noah Mullen, a former inmate in the Illinois Department of Corrections (IDOC), filed this civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois. *See Mullen v. Easton*, No. 1:22-cv-01161 (C.D. Ill., filed May 5, 2022). In the Complaint, Plaintiff brought claims against Cumberland County Sheriff's Deputy Trevor Easton for his allegedly unlawful stop, search, arrest, and detention of the plaintiff in Cumberland County, Illinois. (Doc. 1, pp. 1-13). Plaintiff seeks money damages from this defendant for violations of his rights under the Fourth and Fourteenth Amendments and Illinois state law. (*Id*. at 13).

The case was transferred to this federal judicial district on June 9, 2022, *see* Doc. 7, and is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5-13): Plaintiff was arrested on December 13, 2021. (*Id*. at 6). On that date, Cumberland County Sheriff's Deputy Trevor Easton drove his vehicle up to a car that the plaintiff was riding in as a passenger. As he approached, the officer did not activate his lights or conduct a traffic stop. (*Id*.). Even so, Plaintiff jumped out of the vehicle and ran. The officer apprehended him, handcuffed him, and searched him. (*Id*. at 7-9). Plaintiff was transported to Cumberland County Detention Center and charged with possession of stolen property and, more specifically, a catalytic converter (a Class 4 felony), based on Deputy Easton's false police report. (*Id*. at 7). Plaintiff's bond was set at $500, and a probable cause hearing was scheduled for December 20, 2021. (*Id*. at 7-8). All charges against Plaintiff for stolen property were dismissed for lack of probable cause on December 21, 2021, after evidence established that he did not possess stolen property. (*Id*.). Plaintiff maintains that Deputy Easton intentionally and maliciously fabricated the arrest report that resulted in his charges and detention. (*Id*. at 9). These events caused the plaintiff severe emotional distress. (*Id*. at 9-11).

## Discussion

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated counts:

> **Count 1:** Fourth Amendment claim against Deputy Easton for the unlawful stop, search, and arrest of Plaintiff in Cumberland County, Illinois, on or around December 13, 2021.
>
> **Count 2:** Fourth Amendment claim against Deputy Easton for the unlawful detention of Plaintiff at Cumberland County Detention Center for eight days from December 13-21, 2021.
>
> **Count 3:** Fourteenth Amendment claim against Deputy Easton for denying Plaintiff equal protection of the law.

> **Count 4:** Illinois state law claim against Deputy Easton for malicious prosecution of Plaintiff.
>
> **Count 5:** Illinois state law claim against Deputy Easton for his intentional infliction of emotional distress on Plaintiff.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Count 1

The claims for an unlawful stop, search, and arrest are governed by the Fourth Amendment, which guards against unreasonable searches and seizures. U.S. CONST. amend IV. Plaintiff challenges the deputy's decision to stop him, search him for contraband, and arrest him on December 13, 2021. The only claim that survives screening is for his arrest.

**A.  Stop and Frisk/Search**

This initial interaction between this officer and private citizen on a public street is governed by *Terry v. Ohio*, 392 U.S. 1 (1968). In *Terry*, the Supreme Court held that an officer who has a reasonable, articulable suspicion that criminal activity is afoot may conduct a brief, investigatory stop. This standard demands a minimal level of objective justification for the stop. The reasonable suspicion determination must be based on commonsense judgments and inferences about human behavior. *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) (citing *United States v. Cortez*, 449 U.S. 411, 418 (1981)).

In *Wardlow*, the Supreme Court held that an officer is justified in suspecting criminal activity when a person flees without provocation. *Id*. The officer is also justified in investigating further. *Id*. The Court explained that this holding is consistent with its decision in *Florida v. Royer*, 460 U.S. 491, 498 (1983), holding that an individual who is approached by an officer has the right to ignore the police and go on with his business. *Id*. at 125. Unprovoked flight, after all,

3

is the opposite of going about one's business. *Id*. Therefore, "[a]llowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning." *Id*. *Wardlow* and *Terry* recognize that officers can detain individuals to resolve such ambiguities, and both decisions accept the risk that innocent individuals may be stopped, arrested, and even detained on probable cause to believe they have committed a crime. *Id*. at 125.

This is exactly what happened to the plaintiff. An officer approached an already-stopped vehicle without initiating a traffic stop or activating his lights. At the time, the plaintiff was simply a passenger in the vehicle, and he remained free to go about his business. There was no stop and no seizure that implicated the Fourth Amendment. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991); *see also United States v. Douglass*, 467 F.3d 621, 623-24 (7th Cir. 2006); *United States v. Broomfield*, 417 F.3d 654, 655-56 (7th Cir. 2005); *United States v. Williams*, 945 F.2d 192, 195 (7th Cir. 1991). In the moments that followed, however, Plaintiff admittedly jumped out of the vehicle and fled without provocation. This unprovoked fleeing, alone, could raise a reasonable suspicion that criminal activity was afoot. The officer justifiably apprehended the plaintiff and searched him for contraband.

**B.     The Arrest**

An unlawful arrest claim requires a plaintiff to demonstrate that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause, if, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). When an arresting

officer has probable cause to believe that a person has committed or is committing "even a minor crime in his presence, . . . [t]he arrest is constitutionally reasonable." *See Virginia v. Moore*, 553 U.S. 164, 171 (2008) (citing cases). Probable cause is an absolute defense to a claim of wrongful or false arrest under the Fourth Amendment. *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017); *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013). However, the Court may decide whether probable cause existed at the time of arrest, only if the underlying facts that support probable cause are undisputed. *Gonzalez*, 578 F.3d at 537 (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)). Plaintiff alleges that he was arrested without probable cause and based on a fabricated report of Deputy Easton. At this early stage, Count 1 shall proceed against the defendant as a Fourth Amendment claim for unlawful arrest. All other aspects of this claim, arising from the stop and search, are dismissed without prejudice.

**Count 2**

Plaintiff claims he was unlawfully detained from December 13-21, 2021, while he was held in pretrial detention for eight days without probable cause. Following a finding of no probable cause, he was released from custody on December 21, 2021. This claim is governed by the Fourth Amendment. *See Manuel v. City of Joliet*, 903 U.S. 667 (2017) (Fourth Amendment continues to govern claims of unlawful pretrial detention, in some cases, even after legal process has begun through probable cause determination or some other comparable procedure); ); *Lewis v. City of Chicago*, 918 F.3d 529 (7th Cir. 2019) (In the post-*Manuel-I* and *-II* world, the "Fourth Amendment, not the Due Process Clause, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after initiation of formal legal process."). *But see Llovet v. City of Chicago*, 761 F.3d 759, 763 (7th Cir. 2014) (claims of unlawful pretrial detention are governed by Fourteenth Amendment Due Process Clause once legal process has begun).

While there is no constitutional right to avoid criminal prosecution without probable cause, there *is* a right not to be held in custody without probable cause. *See Manuel*, 903 U.S. at 670 (citing *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013)). The "wrong of detention without probable cause continues for the duration of the detention." *Manuel*, 903 U.S. at 670. Here, Plaintiff alleges that he was held in pretrial detention wrongfully for eight days as a result of Deputy Easton's malicious and erroneous arrest report. Accordingly, Count 2 shall receive further review against this defendant.

**Count 3**

A plaintiff bringing a claim for a violation of his right to equal protection under the law must show that he "is a member of a protected class," he "is otherwise similarly situated to members of the unprotected class," and he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Plaintiff sets forth no allegations that establish any elements of a traditional equal protection claim.

A class-of-one equal protection claim requires the plaintiff to establish that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This type of discrimination typically occurs when "a public official with no conceivable basis for his action, other than spite or some other improper motive . . . comes down hard on a hapless private citizen." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016) (internal quotations omitted) (citing *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013)). A plaintiff may plead himself out of a class-of-one equal protection claim if the Complaint sets forth a rational basis for

the treatment a plaintiff received. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013). Plaintiff does not allege or suggest that he was intentionally treated differently than anyone else who was similarly situated when he was arrested, searched, and detained. He has fallen short of articulating a class-of-one equal protection claim. Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 4

Plaintiff's claim for malicious prosecution arises from the same facts as his Fourth Amendment claims, but the malicious prosecution claim is governed by Illinois state law. This Court will exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367.

A plaintiff bringing a claim for malicious prosecution must set forth allegations demonstrating that: (1) the defendant commenced or continued an original criminal or civil proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) the defendant instituted the proceeding without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) the plaintiff was injured. *Washington v Summerville*, 127 F.3d 52, 557 (7th Cir. 1997) (citations omitted). All of these elements must be present before a plaintiff can pursue a malicious prosecution claim. *Id*. The allegations articulate a malicious prosecution claim against Deputy Easton, who allegedly prepared a malicious and false police report that resulted in Plaintiff's charge with possession of stolen property, his detention for eight days, and the eventual release following a finding of no probable cause. Count 4 shall receive further review against this defendant.

### Count 5

The Illinois state law claim for intentional infliction of emotional distress ("IIED") arises from the same facts that give rise to Counts 1, 2, and 4 against Deputy Easton. *See* 28 U.S.C.

7

§ 1367(a). The allegations in the Complaint also support an IIED claim against this officer at screening. *See McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017) (articulating elements of claim). This claim will proceed against Deputy Easton.

### Pending Motion

Plaintiff's Motion to Request Counsel (Doc. 4) is **DENIED**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. Plaintiff has not demonstrated any efforts to find counsel. (*See* Doc. 4, p. 1, Ex. 1) (disclosing no efforts to find counsel on his own). Moreover, the only barrier to self-representation is his lack of education and training in the law, but this puts him in no different position than most *pro se* litigants. Further, the Complaint is organized, coherent, and sufficient to survives Section 1915A screening. It articulates four straightforward claims against one defendant. And, at this early stage, there is little for Plaintiff to do, particularly while the defendant is served with this suit and prepares an answer. Givens these considerations, the motion is **DENIED** without prejudice to Plaintiff filing a new motion when and if it became necessary to do so as the case proceeds.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNTS 1 (unlawful arrest claim only), 2, 4,** and **5** against **TREVOR EASTON** survives review under 28 U.S.C. § 1915A.

**IT IS ORDERED** that **COUNTS 1 (only the unlawful stop and search claims)** and **3** are **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that as to **COUNTS 1 (unlawful arrest claim), 2, 4,** and **5**, the Clerk of Court shall prepare for Defendant **TREVOR EASTON**: (1) Form 5 (Notice of a Lawsuit and

8

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay for formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/17/2022**

                                                  s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.